KAREL A. WEITS AND AUDREY K. WEITS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weits v. Commissioner
Docket No. 28127-89
United States Tax Court
T.C. Memo 1993-238; 1993 Tax Ct. Memo LEXIS 241; 65 T.C.M. (CCH) 2815; May 26, 1993, Filed *241 For petitioner: Elliott H. Pollack. For respondent: Curt M. Rubin and Linda R. Dettery. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined a deficiency in petitioners' 1981 joint Federal income tax in the amount of $ 113,392, increased interest under section 6621(c), and a negligence addition to tax under section 6653(a)(1) and (2). The parties have submitted to the Court under Rule 122 the issue of whether respondent's notice of deficiency is valid and whether respondent timely provided an explanation for the disallowance of a loss claimed by petitioners on their 1981 joint Federal income tax return pertaining to an investment in a limited partnership. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. At the time they filed their petition, petitioners resided in Northport, New York. During 1981, petitioner Karel Weits (petitioner) was an investor in USF Executive Group (USF), a limited partnership. USF, in turn, was an investor in a partnership named York Research Computer Partnership (York Research). On September 21, 1989, respondent issued *242 to petitioners a notice of deficiency in which respondent, among other things, disallowed the $ 79,055 loss claimed by petitioners on their 1981 joint Federal income tax return pertaining to petitioner's investment, through USF, in York Research. Although respondent, in the notice of deficiency, provided an explanation for disallowing certain other deductions claimed by petitioners on their 1981 joint Federal income tax return, respondent did not provide, in the notice of deficiency, an explanation for disallowing the $ 79,055 claimed loss pertaining to York Research. On November 24, 1989, petitioners filed the instant petition. In the answer, respondent did not provide any explanation for disallowing the $ 79,055 loss pertaining to York Research. In April or May of 1990, however, in the course of an appeals conference, respondent explained to petitioners that, with respect to the York Research claimed loss, respondent believed petitioners should be bound by this Court's opinion in , a case in which similar losses claimed by other investors in York Research were disallowed. In a letter dated April 16, 1991, *243 respondent again informed petitioners that, with respect to the York Research claimed loss, petitioners should be bound by On January 27, 1992, the parties filed with the Court a stipulation of settled issues in which they settled all issues raised by the instant petition except the issue pertaining to the York Research claimed loss. Petitioners contend that respondent's notice of deficiency is invalid with regard to the York Research claimed loss because neither the notice of deficiency nor respondent's answer provided an explanation for disallowing the $ 79,055 loss pertaining to York Research. Petitioners further contend that if the Court finds that the notice of deficiency is valid in that regard, the Court, at the least, should find that respondent failed to timely provide an explanation for disallowing the loss and that therefore respondent's disallowance of the loss should not be sustained. In order to be treated as valid for purposes of this Court's jurisdiction, a notice of deficiency "generally must indicate that a deficiency has been determined and identify the taxpayer, the taxable year involved, and *244 the amount of the deficiency." , affg. in part, revg. in part, and remanding . The validity of the notice of deficiency does not, however, depend upon respondent providing in the notice of deficiency an explanation of the reasons for the adjustments made therein. , affg. an order of this Court; . Although the Court generally will not consider a new theory or reason in support of an adjustment that is raised by respondent for the first time on brief, the Court will consider a theory raised in advance of trial or in advance of submission of the case to the Court as long as petitioner has been given "fair warning" of respondent's intention to raise the theory. . "Fair warning" means that respondent's failure to give petitioner notice of her intention to rely on a particular *245 theory in the notice of deficiency, or in the pleadings, "must not have caused harm or prejudice to petitioner in petitioner's ability to prepare its case." ; , affd. without published opinion ; , affd. per curiam . In the instant case, respondent's notice of deficiency is valid because the notice accurately identifies petitioners as the taxpayers, 1981 as the taxable year, and the notice indicates the specific adjustments made by respondent, including the disallowance of the $ 79,055 loss pertaining to York Research. As indicated, respondent's failure to provide in the notice of deficiency an explanation or theory for disallowing the $ 79,055 loss does not affect the validity of the notice of deficiency. We further find that respondent timely provided to petitioners an explanation for disallowing the $ 79,055 York *246 Research claimed loss. In April or May of 1990 (almost 2 years before this issue was submitted to the Court), respondent informed petitioners of respondent's intention to rely on In writing on April 16, 1991 (almost 1 year before this issue was submitted to the Court), respondent again informed petitioners of respondent's intention to rely on We hold that respondent's notice of deficiency is valid and that respondent timely and adequately has provided an explanation to petitioners for the disallowance thereof. An appropriate order will be issued.